### ROGERS *et al.* v. HERBERT *et al.*

The rulings made in this case on former writ of error control the questions now involved. The evidence being without conflict, the court did not err in directing the verdict.

No. 3088. JUNE 19, 1922.

Complaint for land. Before Judge Thomas. Thomas superior court. January 2, 1922.

*W. J. Hammond, C. E. Hay,* and *E. L. Joiner,* for plaintiffs in error.

*J. E. Craigmiles, W. I. MacIntyre,* and *Titus & Dekle,* contra.

PER CURIAM. On the trial of an action for land the court admitted in evidence, over timely objection, a mortgage containing the following description: " One half of the western portion of lot of land number (154) in the 13th district of Thomas County, containing two hundred and forty-five (245) acres, more or less, other half of said lot having been sold to George Hadley." Also, a mortgage fi. fa. containing the following description: " One half of the western portion of lot of land No. 154 in the 13th district of Thomas County, Georgia, containing two hundred and forty-five (245) .acres, more or less (the other one half of the lot having been sold to George Hadley) ;" and the entry of levy thereon containing the following description: " One half of the western portion of lot of land Number 154 in the 13th district of Thomas County, Ga., containing two hundred and forty-five acres more or less (the other half having been sold to George Hadley)." The objection to these instruments was based on the ground that the description was too vague, indefinite, uncertain, and was insufficient in law. There was oral evidence to the effect that George Hadley died, November 23, 1908, in possession and control of the eastern half of lot of land No. 154 in the thirteenth district of said county, and that George Hadley never owned any land at all in the western half of said lot of land; and it was agreed in open court that Isom Sadler was the common grantor of the land in question. When the case was previously before this court (*Rogers* v. *Herbert,* 151 *Ga.* 517, 107 S. E. 329), it was held:

45

" 1. It was not erroneous to admit the evidence. It was competent to show by extrinsic evidence what land of the western portion or half of the lot had been previously sold to George Hadley, and thus to apply the description to the land in controversy.

" 2. The evidence failed to identify any land in the western portion of the lot previously sold to George Hadley, and was therefore insufficient to enable the jury to apply to the particular land in controversy the description contained in the mortgage and in the entry of levy by the sheriff. The court therefore erred in overruling the motion for a new trial."

The above rulings constitute the law of the case on the questions involved. The evidence is without conflict, and the oral evidence is sufficient to show that the description in the instruments relied upon referred to the whole of the western half or portion of the lot of land in question. The court therefore did not err in directing a verdict for the plaintiff, and in refusing to grant a new trial.

*Judgment affirmed. All the Justices concur, except Hill, J., dissenting.*